SIGNED.

Dated: October 28, 2010

_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>WILLIAM M. FRIERSON and RENEE FRIERSON,<br><br>                   Debtors.<br><br>ARIZONA SCHOOL RISK RETENTION TRUST, INC.,<br><br>                   Plaintiff,<br>vs.<br><br>WILLIAM M. FRIERSON and RENEE FRIERSON,<br><br>                   Defendants. | Chapter 7<br><br>No. 4:10-bk-02715-JMM<br><br>Adversary No. 4:10-ap-00366-JMM<br><br>**MEMORANDUM DECISION** |

Before the court is Plaintiff's motion for summary judgment against Debtor/Defendant William M. Frierson (ECF No. 12). Also pending is Mr. Frierson's motion for summary judgment against Plaintiff (ECF No. 16).

The debt sought to be declared non-dischargeable is due exclusively to Mrs. Frierson's actions before the parties were married. As she did not answer the complaint, the court has already defaulted Mrs. Frierson (or would) and therefore finds the Plaintiff's debt against her to be non-dischargeable.

Mr. Frierson points out that he had nothing to do with Mrs. Frierson's pre-marital misappropriation. But Plaintiff has alleged, in its reply papers, that Mr. Frierson is liable because he agreed to pay the wife's debt, in January, 2010. But that agreement did not state that he benefitted by her tortious conduct, or that he participated in it. He simply agreed to pay the debt.

Thus, the debt is dischargeable as to Mr. Frierson unless Plaintiff can prove that the <u>marital</u> community benefitted from her pre-marital wrong-doing (Mr. and Mrs. Frierson were married after she embezzled the money from Plaintiff). *See* ARIZ. REV. STAT. § 25-215(A) and (B).

Plaintiff states that the Frierson marital community "kept [the] benefits . . . of the goods and services purchased with the stolen money-after the couple married in 2004." (Reply, ECF No. 20, at 3, lines 7-9.) However, Plaintiff has provided no evidence of this "fact" to the court.

Plaintiff seems to believe that Mr. Frierson is bound by *res judicata*. However, in a bankruptcy proceeding, *res judicata* does not apply in a non-dischargeability proceeding. *See Brown v. Felsen*, 442 U.S. 127, 138-39, 99 S.Ct. 2205 (1979). Only collateral estoppel may be applied, <u>provided that</u> an adequate record covering the fraud elements of 11 U.S.C. § 523(a)(2) is established at the state court level prior to any bankruptcy filing. *Brown*; *In re Daley*, 776 F.2d 834, 839 (9th Cir.1985).

Here, the Plaintiff can provide no fact to show that Mr. Frierson originally participated in his future wife's fraud, or that after he married her he benefitted from the fruits of that fraud. Simply because he agreed to help her repay her debt does not make her separate pre-petition debt non-dischargeable as to him.

## **CONCLUSION**

Plaintiff's motion for summary judgment will be DENIED.

Defendant William Frierson's motion for summary judgment will be GRANTED and Plaintiff's complaint against him will be DISMISSED, with prejudice.

Plaintiff's non-dischargeable claim versus Defendant Renee Frierson shall be declared non-dischargeable.

A separate judgment shall be entered simultaneously with this Memorandum Decision. Any party aggrieved thereby shall have 14 days from entry to appeal. FED. R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

James J. Gentile, Attorney for Defendants

Kirk H. Hayes, Justin Dean Holm and Jessica Ann Jackson, Attorneys for Plaintiff

Gayle Eskay Mills, Trustee

Office of the U.S. Trustee